IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BOBBY JOE STEPHENS                                                                                    PLAINTIFF

        v.                              Civil No. 1:12-cv-01100

MIKE MCGOUGH, Union County
Sheriff; and LT. GRIER                                                                             DEFENDANTS


**<u>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE</u>**

      Plaintiff Bobby Stephens filed this case *pro se* pursuant to 42 U.S.C. § 1983 on September 20, 2012.  ECF No. 1.  Now before the Court is Plaintiff's continuous failure to comply with the Court's orders and prosecute this case.

      Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  After careful consideration, the undersigned makes the following Report and Recommendation.

**I.**      **BACKGROUND**

      At the time he filed his Complaint, Plaintiff was an inmate of the Union County Detention Center ("UCDC") in El Dorado, Arkansas.  Plaintiff's address of record indicates he is no longer incarcerated.

      In the Court's initial filing Order, the Court advised Plaintiff that failure to keep the Court apprised of his current mailing address could result in the dismissal of this case.  ECF No. 3.

      In Plaintiff's Complaint and Supplements, he alleges Defendants denied him access to the

1

law library. ECF Nos. 1, 4, 5. On December 20, 2012, after reviewing his Complaint, the Court determined it would benefit from additional information and ordered the Plaintiff to return a Court prepared Addendum by January 22, 2013. ECF No. 7. The Court again advised Plaintiff in this Order that failure to notify the Court of any address change could result in dismissal of this action. ECF No. 7.

On January 24, 2013, the Court received a Clerk's Order (ECF No. 8)[1] sent to Plaintiff at the UCDC returned as undeliverable and marked "Released." Upon its own research, the Court located the home address Plaintiff provided the UCDC at booking—48 Graves Ct., El Dorado, Arkansas 71730. The Court entered an Order changing Plaintiff's address of record to the Graves Ct. address on January 30, 2013 and resent the Clerk's Order. ECF No. 9.

On March 18, 2013, the Court received its December 20, 2012 Order directing Plaintiff to file an Addendum returned as undeliverable mail. The Court resent the December 20, 2012 Order to the Graves Address on the same day. It was not returned as undeliverable mail.

On May 2, 2013, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to comply with the Court's December 20, 2012 Order and file his Addendum. In this Order, the Court directed Plaintiff to file his completed Addendum by May 23, 2013. ECF No. 10. The Court sent the Order to Show Cause to the Graves Ct. address. Plaintiff failed to respond, and the Order to Show Cause was not returned as undeliverable mail.

---

[1] Clerk's Order regarding deductions from Plaintiff's prison account for the filing fee of this case pursuant to the Prison Litigation Reform Act. ECF No. 8.

II. **APPLICABLE LAW**

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

3

### III. DISCUSSION

Plaintiff has failed to comply with three Court orders. First, he failed to comply with the Court's initial filing Order directing him to notify the court of any address changes. ECF No. 3. Second, he failed to respond to the Court's December 20, 2012 Order directing him to file his Addendum when it was resent to the Graves Ct. address. ECF No. 7. Finally, he failed to respond to the Court's Order to Show Cause why he failed to file his Addendum. ECF No. 10. Plaintiff has also failed to prosecute this case and has not communicated with the Court in over eight months.

Because the Court's December 20, 2012 Order and the May 2, 2013 Order to Show Cause sent to the Graves Ct. address were not returned as undeliverable, the Court presumes Plaintiff received the Orders and willfully disobeyed them. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's complaint be dismissed with prejudice. *See Hunt,* 203 F.3d at 527.

Accordingly, Plaintiff's Complaint should be dismissed with prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this action. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

### IV. CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** with prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Orders, and failed to prosecute this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this **20th day of June 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE